# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD PATTERSON,<br><br>Petitioner,<br><br>vs.<br><br>KARI ALSTAD, *et al.*,<br><br>Respondents. | CV 21-55-GF-BMM-JTJ<br><br><br><br>**Order** |

**BACKGROUND.**

Plaintiff Richard Patterson ("Patterson") initially filed this suit on January 12, 2021, with two other inmates. Doc. 1. The Court severed the individual suits. Doc. 2. Patterson now proceeds on his own. Patterson's Complaint relates to certain mailroom practices at CoreCivic Crossroads Correctional Center ("CCC"). Doc. 1. United States Magistrate Judge John T. Johnston issued a Findings and Recommendations. Doc. 11. No party filed objections to Judge Johnston's Findings and Recommendation.

**JUDGE JOHNSTON'S FINDINGS AND RECOMMENDATIONS (Doc. 11).**

Judge Johnston recommended that the Court dismiss Defendants Wolken, Michael, and Bludworth, as Patterson has failed to state a claim against them. Doc.

1

11 at 14. Judge Johnston also recommended that the Court dismiss Pattersons's claims regarding access to the courts. *Id*. at 4.

**LEGAL STANDARD**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party fails to object or to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's Findings and Recommendations. The Court will review, therefore, Judge Johnston's Findings and Recommendations for clear error. *See Kirkegard*, 2014 WL 693315, at *3.

**ANALYSIS.**

The Court finds no clear error in Judge Johnston's Findings and Recommendations. *Id*. Judge Johnston correctly determined that Patterson failed to state a claim against Defendants Wolken, Michael, and Bludworth. Doc. 11 at 14. Patterson fails to allege any facts or claims at all against Defendant Wolken. Patterson also fails to allege any facts against Defendants Michael and Bludworth that the Court can construe as a claim actionable under § 1983. Patterson alleges at most that Defendants Michael and Bludworth, as supervisors, failed to respond sufficiently to his grievances. Section 1983 does not subject supervising officers like Defendants Michael and Bludworth to liability under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691−94 (1978).

Judge Johnston correctly determined that Patterson failed to state a claim related to access to the courts. Doc. 11 at 14. Patterson appears to claim that Defendants' alleged interference with Patterson's mail deprived him of access to the courts. Patterson fails to demonstrate, however, an actual injury based on a specific instance in which Defendants deprived Patterson access to the courts. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). Patterson must allege that Defendants interfered with a particular piece of mail, and that interference deprived Patterson from accessing the courts. Judge Johnston correctly determined that Patterson failed

to make such an allegation. The Court finds no clear error in Judge Johnston's Findings and Recommendations (Doc. 11). *See Kirkegard*, 2014 WL 693315, at *3.

## ORDER

It is hereby **ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 11) is **ADOPTED** in full.

2. Defendants Wolken, Michael, and Bludworth are **DISMISSED** without prejudice.

3. Patterson's claims regarding access to the courts are **DISMISSED** without prejudice.

Dated the 16th day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court